Eugene BUSH, Plaintiff,

v.

Leonard PORTUONDO, Defendant.

02–CV–2883 (JBW)

United States District Court,
E.D. New York.

Signed June 12, 2017

Filed June 13, 2017

Plaintiff Eugene Bush represented by: Joel Mark Stein, Law Offices of Joel M. Stein, Esq., 30 Wall Street, 8th Floor, New York, NY 10005, (212) 344–8008, Fax: 718–789–2582, Email: jmsteinesq@aol.com

Defendant Leonard Portuondo represented by: Morgan James Dennehy, Kings County District Attorney's Office, 350 Jay Street, Brooklyn, NY 11201, (718) 250–2515, Fax: 718–250–2505, Email: dennehym@brooklynda.org

## AMENDED ORDER DENYING MOTION

Jack B. Weinstein, Senior United States District Judge:

This court cannot adjudicate plaintiff's complaint of an unconstitutionally conducted state trial unless the Court of Appeals for the Second Circuit grants petitioner permission to bring a second petition for a writ of habeas corpus. But, in this instance, the district court takes the unusual step of recommending to the Court of Appeals that it grant permission or a second petition.

This court denies the motion under Rule 60 of the Federal Rules of Civil Procedure.

The chief witness for the prosecution did not inform the jury that he had made a relevant deal with a United States Attorney that might have affected his testimony. This issue has never been the basis for an adjudicated habeas corpus petition in federal court.

Defendant moves under Rule 60(b)(6) of the Federal Rules of Civil Procedure to set aside this court's denial of his first petition for a writ of habeas corpus. See 28 U.S.C. § 2254; Docket ("Doc.") 32, 01/09/2017.

He was acquitted in a New York State court of murder in the second degree committed on April 1, 1995, and convicted of possession of a gun.

His original petition for a writ of habeas corpus was dismissed by this court after a hearing; no certificate of appealability was granted. See Doc. 11, 11/13/2003; 28 U.S.C. § 2254.

An appeal was dismissed. See Doc. 15, 06/25/2004. Petitioner then moved in the Court of Appeals for permission to file a successive petition. See Doc. 19, 01/24/2007. The motion was denied. Id.

An informal letter application to revisit the case was denied by this court. See Doc. 22, 04/16/2013.

Petitioner's motion in the Court of Appeals for permission to bring a second petition (on grounds different from those relied on now) was denied. See Doc. 24, 01/05/2016.

Movant and his counsel were heard on the present motion under Rule 60(b)(6) to vacate the November 29, 2003 dismissal of his first petition. See Minute Entry Doc. 35, 02/28/2017; hearing transcript 02/28/2017 ("TR."), passim.

The movant's ground for his present motion is based on a failure of the prosecution to inform defense counsel at the trial that the key witness had a cooperation agreement. The agreement was made with the United States Attorney for the Northern District of New York. See TR. pp. 6, 10, 12–14, 19, 24, 33; letter dated March 17, 2014 to movant from State of New

York Grievance Committee for the Ninth Judicial District. This was a different ground from those pressed in the original petition—voir dire error, failure to suppress petitioner's statement to police and limitation of defense cross-examination. *See* TR. p. 28.

The motion to vacate under Rule 60 is denied. As explained by the court orally at the February 28 hearing:

■ 1. The motion is untimely. It comes some ten years after the Court of Appeals for the Second Circuit denied a motion to file a successive petition, with an inadequate legal excuse for the delay. Petitioner seeks to avoid any statutory or rule time barrier by an actual innocence claim. *See* TR. pp. 40–41. That defense does not avoid the need for permission from the Court of Appeals for the Second Circuit to bring a second petition.

■ 2. The basis for this Rule 60 motion is information about the admonition of a prosecutor, apparently for failing to reveal a cooperation agreement with the chief prosecution witness in the downstate prosecution of the instant case. The failure allegedly came to petitioner's attention after this court denied his first petition. This is not a ground for relief under Rule 60. That rule is designed to protect against adjudication errors, not against events independent of, or subsequent to, the court's decision. This motion is, in effect, a habeas corpus petition. It cannot be characterized as a Rule 60 motion.

The appropriate procedure is to move in the Court of Appeals for permission to bring a successive petition. *Cf.* Mandate issued by the Court of Appeals for the Second Circuit denying an order to consider a successive 28 U.S.C. § 2254 petition, Doc. 19, 01/24/2007. This court has no power to entertain a second petition without consent from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

This court respectfully recommends that a second petition be permitted. There is a possible claim of innocence as well as a claim of decisive misleading of court and jury by the chief witness.

This court believes it is appropriate to recommend granting of the motion permitting a second petition that counsel states will be promptly made in the Court of Appeals. *See* Federal Rule of Civil Procedure 1 (the Rules "should be construed, administered, and employed by this court . . . to secure the just . . . determination of every . . . proceeding.").

The motion for relief under Rule 60 is denied.

SO ORDERED.